Filed 1/22/14  Knox v. Pol CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JESUS KNOX,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>J. POL, et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B244901<br>(Super. Ct. No. CV120146A)<br>(San Luis Obispo County) |

Jesus Knox, a state prison inmate, sued three members of the prison staff for violating prison administrative regulations and for discriminating against him on the basis of sex, race and mental disability in violation of the Fair Employment and Housing Act (FEHA).  (Gov. Code, § 12940 et seq.)  He appeals from the trial court's order sustaining respondents' demurrer without leave to amend.[1]  We affirm.

*Facts*

Appellant, an African-American state prison inmate who states that he is mentally ill, worked as a cook in the prison kitchen.  Respondent Pol is a Caucasian staff cook in the kitchen.  Respondent Watains is also employed as a staff cook in the kitchen.  Respondent Pechmann is their manager.

---

[1] Although no final judgment was entered in the court below, we construe the order sustaining the demurrer without leave to amend as an appealable order of dismissal. (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.)

Appellant's complaint alleges that, in December 2010, he was working in the kitchen, stirring pudding with a large dipper, when Pol walked up to him, gestured as if he was masturbating and said, "How does that feel?" A few days later, Watains told appellant that he had heard about the incident. In January 2011, Pol reported to a corrections officer that appellant felt suicidal. Appellant denied the report and alleges it was false. In February 2011, Pol yelled at appellant for filling rice pans incorrectly and then issued a written warning to him. Appellant complained he was being picked on because of his race. Respondent Pechmann investigated the complaint about one month later and found no misconduct by staff. Staff did, however, receive additional training. In March 2011, appellant was not allowed to work for one day because he showed up for work with two black eyes. In June 2011, Pol and a corrections officer engaged in some horseplay for about an hour, hiding from appellant a job classification review form that appellant needed to have signed. They eventually gave the form back to appellant who had it signed by another officer. The incident caused appellant to have an anxiety attack. Later that same month Pechmann approved Knox's request for a job transfer from the kitchen to the bakery. As he was leaving the kitchen, appellant heard Pechmann yell, "I better not hear anything else from you! Are we clear?"

Appellant filed two separate, internal prison grievances against Pol, one relating to the pudding incident and another concerning the rice pans. He exhausted his administrative remedies with regard to the first grievance. Neither grievance mentioned Watains or Pechmann. In his response to respondents' demurrer, appellant claimed he did not file a grievance against Pechmann because he felt threatened and intimidated by Pechmann's statement, "I better not hear anything else from you!"

In May 2011, appellant filed a tort claim with the Victim Compensation and Government Claims Board. The claim did not mention Pechmann or allege that appellant had been injured by anyone working in Pechmann's position.

*Contentions*

Respondents' demurrer contended: 1. appellant cannot state a claim for violation of FEHA because he is an inmate, not a employee; 2. appellant had no private

2.

right of action under the prison administrative regulations; 3. appellant did not exhaust his administrative remedies or comply with the Tort Claims Act; 4. appellant's FEHA claims fail on their merits. The trial court concluded appellant had sufficiently complied with the Tort Claims Act but failed to exhaust his administrative remedies with regard to Pechmann and Watains. It further concluded appellant had no private right of action for violation of the administrative regulations. Appellant's FEHA claims failed to state a cause of action because appellant alleged no facts supporting the conclusion that he was discriminated against on the basis of a protected characteristic or activity. Appellant now contends each of these rulings was erroneous.

*Standard of Review*

We review de novo the order sustaining respondents' demurrer. (*Beets v. County of Los Angeles* (2011) 200 Cal.App.4th 916, 922.) Like the trial court, we accept as true all properly pleaded, material factual allegations in the complaint and other relevant matters that are properly the subject of judicial notice. We liberally construe the factual allegations to determine whether they state a cause of action. (*Id.*) Where, as here, the trial court has sustained the demurrer without leave to amend, we must decide whether there is a reasonable possibility appellant could cure the defects by amending the complaint. It is appellant's burden to demonstrate how an amendment could cure any such defects. (*Schifando v. City of Los Angeles* (2030) 31 Cal.4th 1074, 1081; *Rakestraw v. Cal. Physicians' Serv.* (2000) 81 Cal.App.4th 39, 44.)

*Discussion*

*FEHA Claims*

Appellant's first, second, third, fourth, eighth, ninth, tenth, twelfth and thirteenth causes of action attempt to allege claims for violation of the FEHA. Respondents urge us to hold appellant cannot state a cause of action under FEHA as a matter of law because he is a state prison inmate on a work assignment, not an employee of the Department of Corrections. We need not decide this issue of first impression in California, however, because appellant's complaint fails for another reason. It does not

3.

allege that he suffered any adverse employment action and does not, therefore, allege a cause of action under FEHA.

FEHA prohibits discrimination "in terms, conditions or privileges of employment." (§ 12940, subd. (a).) This prohibition is often referred to as the requirement "that the discriminatory action result in 'adverse employment action.' (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, [1042] . . . .)" (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 373.) To be actionable, the change in employment terms or conditions must be substantial and detrimental to the employee. (*Id.*) "Minor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable, but adverse treatment that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion falls within the reach" of FEHA's antidiscrimination provisions. (*Yanowitz v. L'Oreal USA, Inc., supra,* 36 Cal.4th at p. 1054.)

Appellant alleges that Pol made one inappropriate gesture toward him, sent him home from work early once because of black eyes, yelled at him for filling rice pans incorrectly and hid a form from him. He further alleges that, after these incidents took place, respondent Pechmann approved appellant's request to be transferred to the bakery. There is no allegation that appellant lost money or work hours, was subject to disciplinary action, or was transferred to a less desirable work assignment as a result of Pol's behavior. Nor has appellant alleged that his prospects for future job assignments have been negatively impacted by these isolated incidents. The incidents described by appellant do not rise to the level of adverse employment actions because they are not sufficiently substantial or detrimental to him. Appellant's allegation that he was retaliated against for reporting staff misconduct fails for the same reason: he does not allege that the retaliation resulted in an adverse employment action being taken against him. (*Id.* at pp. 1050-1052.)

4.

In addition, an adverse employment action does not violate FEHA unless discrimination or disparate treatment based on a protected classification was a substantial factor in the adverse action. (*Horsford, supra,* 132 Cal.App.4th at p. 375.) The plaintiff must allege facts which, if proven, would support the conclusion that "the challenged employment actions were motivated in substantial part by reasons of race [or another relevant characteristic]." (*Id.*) Appellant alleges no such facts. There is no allegation that respondents used racially derogatory language, expressed discriminatory opinions or otherwise behaved in a racially hostile manner.

Similarly, appellant has alleged no facts supporting his allegation that respondents discriminated against him based on his mental illness or disability. The only allegation related to this claim is that Pol told a member of the custody staff that appellant seemed suicidal, which appellant denied. There is no allegation the report was motivated by discriminatory intent or that appellant suffered as a consequence of it. Again, this isolated incident does not constitute an adverse employment action and cannot, therefore, form the basis for a cause of action under FEHA.

Finally, appellant alleges the comment Pol made while appellant was stirring pudding constitutes sexual harassment. Although a sexual harassment claim may be based on a single incident, the incident "must be severe in the extreme and generally must include either physical violence or the threat thereof." (*Herberg v. Cal. Institute of Arts* (2002) 101 Cal.App.4th 142, 151.) Appellant does not allege that Pol was physically violent toward him or that Pol threatened physical violence. The gesture he alleges, while crude, is not sufficient by itself to constitute sexual harassment.

*Violation of Administrative Regulations*

Appellant 's first, second, fourth, fifth, sixth and seventh causes of action allege that respondents violated various administrative regulations relating to state prisons. There is, however, no private right of action to enforce these regulations. "Only the Legislature, through enactment of a statute, can create a private right of action to directly enforce an administrate regulation . . . ." (*Thurman v. Bayshore Transit Management Inc.* (2012) 203 Cal.App.4th 1112, 1132.) No such statute exists with

5.

respect to prison regulations. As a matter of law, appellant's allegations that prison staff violated administrative regulations do not state a cause of action. (See, e.g., *In re Johnson* (2009) 176 Cal.App.4th 209, 297 ["Generally, prison discipline falls within the expected parameters of the sentence imposed by a court of law and does not implicate the due process clause or create the right to judicial review."].)

*Conclusion*

The trial court correctly concluded that appellant's complaint failed to allege facts sufficient to state a cause of action, either for violation of FEHA or for violation of administrative regulations. Appellant has not demonstrated the complaint could be amended to cure those defects. Consequently, we conclude the trial court correctly sustained respondents' demurrer without leave to amend.

The judgment (order of dismissal) is affirmed.

NOT TO BE PUBLISHED.


                                                          YEGAN, J.


We concur:


          GILBERT, P.J.


          PERREN, J.


6.

Dodie Harman, Judge

Superior Court County of San Luis Obispo

_____

Jesus Knox, in pro per, Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Thoma Patterson, Supervising Deputy Attorney General, Neah Huynh, Deputy Attorney General, for Plaintiff and Respondent.